Chief Justice Robertson
delivered the opinion of the court.
Tiie decree in this case is irregular and somewhat loose and ambiguous. But substantial injustice has not been done to the plaintiff in error as to the amount decreed. As assignor of the bond on Johnston, for a title, he would not have been responsible for a defect of title or quantity, unless he had become bound by contract or by fraud.
If he knew that a part of the land had been recovered by a decree in favor of Fowler against Johnston, and concealed that fact from his vendee, the suppression was fraudulent in contemplation of law, and, therefore, he might be subjected to liability. Whether he committed a fraud or not, has not been very clearly shown; but the facts are such as would forbid a reversal on that ground.
The land which was lost being worth more than an equal quantity of that which remained, the amount decreed does not appear to be excessive. And the prayer for a specific execution, pro tanto, gave the court jurisdiction over the whole case. If the defendant has *312 acted with bad faith or with an unjust view to speculalion, in refusing to accept Fowler’s title, through John» ston, and in buying it up himself, the chancellor might withhold relief and remit him to his legal redress. But as the record now appears, there is no sufficient objection to the principle and equity of the decree, if the proper parties had been before the court.
Upon the death of the complaiuant revivor filed, for reviving ’ the suit in the administrator, it is irregular to oider without having proce.!-issued upon the I,in’
Triplett, for plaintiffs; Wall, for defendant.
But the proceedings we;e irregular. Thecomplainant having died, a bill of revivor was filed for reviving the suit in the name of his administrator, and, therexipon, wiihou* process, the revivor was ordered aecordingly. This was irregular. Besides, it would be proper to revive the suit not only in the name of the administrator, but also in the names of the heirs. It would not be proper to decree compensation in damages to the administer or, for part of the land, unless foe heirs be parties, and elect to have a specific executi°n f°r ^ie residuum. It is the prayer for specific execution that gave jurisdiction to the chancellor, and it would be unjust to render a decree for damages and. leave the title undisposed of.
Wherefore, the decree is reversed, and the cause remanded for further proceedings.